IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-41028
Summary Calendar
_____

REYMUNDO ZARATE,

Plaintiff - Appellant

v.

CITY OF BROWNSVILLE, TEXAS, ET AL.

Defendants - Appellees

_____

Appeal from the United States District Court
for the Southern District of Texas
(B-93-CV-194)
_____
September 5, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Reymundo Zarate appeals the district court's final judgment and order denying his motion to alter or amend the judgment or for a new trial in this action pursuant to 42 U.S.C. § 1983. Following trial on Zarate's claims of unlawful arrest, excessive force, and malicious prosecution, the jury found that Zarate was unlawfully arrested by police officers Juan Torres and Rey Lopez, but that excessive force was not used in his arrest and the City

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Brownsville was not liable for the violation of his constitutional rights.  The jury further determined that Zarate was not entitled to compensatory or punitive damages.  The district court entered judgment on the jury's verdict, ordering that Zarate take nothing on his claims, denying Zarate's motion for award of attorney's fees, and ordering the parties to bear their own costs.  The district court denied Zarate's motion  to alter or amend the judgment or for a new trial.  Zarate raises six issues on appeal.

First, Zarate argues that the district court abused its discretion in failing to set aside the jury verdict as to damages and to order a new trial on damages.  Zarate contends that the uncontroverted evidence shows that he was entitled to compensatory damages for past and future mental anguish, physical pain, and medical expenses resulting from his unlawful arrest.

A district court may in its discretion set aside a jury verdict and order a new trial if the amount of the verdict is inadequate.  Jones v. Wal-Mart Stores, Inc., 870 F.2d 982, 986 (5th Cir. 1989).  The motion should not be granted unless the verdict is against the great weight of the evidence.  Id.; Dawson v. Wal-Mart Stores, Inc., 978 F.2d 205, 208 (5th Cir. 1992).  The evidence must be viewed in the light most favorable to the jury's verdict and the verdict must be upheld unless the evidence points so overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary

2

conclusion.  Dawson, 978 F.2d at 208.  In this case, our review
of the record leads us to conclude that the jury verdict is not
against the great weight of the evidence and the district court
did not abuse its discretion in denying Zarate's motion to set
aside the verdict and order a new trial on compensatory damages.

Zarate next contends that the district court violated the
collateral source rule by questioning him about his medical
expenses.  This contention is without merit.  Although Zarate had
filed a motion in limine to exclude evidence of collateral
sources of reimbursement, he did not renew his objection at the
time of the court's questioning.  We therefore review the
district court's actions for plain error.  See United States v.
Graves, 5 F.3d 1546, 1552 (5th Cir. 1993), cert. denied, 511 U.S.
1081 (1994).  The record reflects that, in order to clarify for
the jury Zarate's claim for damages, the district court
questioned Zarate about whether he had incurred any medical
expenses as a result of his arrest.  The court did not inquire as
to whether Zarate's medical bills had been covered by a
collateral source.  The court's questioning did not constitute
plain error.

Zarate's third and fourth issues on appeal are closely
related.  Zarate argues that the district court abused its
discretion in failing to amend the judgment to reflect the jury's
finding that he was unlawfully arrested.  He also argues that,
based upon this finding, he was a prevailing party entitled to

3

nominal damages. Zarate is correct, and appellees concede, that Zarate is entitled to an award of nominal damages based on the jury's finding that his constitutional rights were violated. See Taylor v. Green, 868 F.2d 162, 165 (5th Cir.), cert. denied, 493 U.S. 841 (1989); Archie v. Christian, 812 F.2d 250, 252 (5th Cir. 1987) ("[A] plaintiff is entitled to an award of nominal damages for the violation of his civil rights, even when there is no injury."). We therefore modify the district court's judgment to include a statement that based upon the jury's finding that Zarate was unlawfully arrested, Zarate is awarded $1.00 in nominal damages.

Fifth, Zarate argues that the district court abused its discretion in failing to award him attorney's fees as a prevailing party under 42 U.S.C. § 1988. Although the jury technically found in his favor in finding that he was unlawfully arrested, the jury awarded no damages, thus accomplishing little more than a moral victory. The district court did not abuse its discretion in denying Zarate attorney's fees. See Farrar v. Hobby, 506 U.S. 103, 115 (1992) ("When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." (citation omitted)).

Finally, Zarate argues that the district court abused its discretion in failing to award him costs as prevailing party under Fed. R. Civ. P. 54(d)(1). "A party need not prevail on all

4

issues to justify a full award of costs." <u>United States v. Mitchell</u>, 580 F.2d 789, 793 (5th Cir. 1978). Costs may be shifted if the prevailing party obtains judgment on even a fraction of the claims advanced. <u>Id</u>. Thus, success on only one claim for nominal damages does not preclude Zarate from being awarded costs. Although the district court may exercise its discretion and withhold an award of costs to the prevailing party, there is a "strong presumption" that costs will be awarded and the district court is required to state its reasons for withholding an award of costs in order for this court to review the district court's decision for abuse of discretion. <u>Salley v. E.I. DuPont de Nemours & Co.</u>, 966 F.2d 1011, 1017 (5th Cir. 1992). Because the district court did not give reasons for requiring Zarate to bear his own costs, this court is limited in its ability to decide whether the district court abused its discretion. We accordingly remand this case to the district court for the court to state its reasons for denying Zarate's motion for costs, or alternately, to grant the motion for costs. <u>See</u> <u>Hall v. State Farm Fire & Cas. Co.</u>, 937 F.2d 210, 216-17 (5th Cir. 1991).

AFFIRMED IN PART; MODIFIED TO INCLUDE NOMINAL DAMAGES OF $1.00 BASED ON THE JURY'S FINDING THAT ZARATE WAS UNLAWFULLY ARRESTED; REMANDED FOR CLARIFICATION ON THE MATTER OF COSTS. Each party shall bear its own costs of this appeal.